UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| ELI SHTEINMANTZ,<br>on behalf of himself and other similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>MEDIA COLLECTIONS, INC. d/b/a<br>JOSEPH MANN & CREED, an Ohio corporation<br><br>Defendant. | CASE NO. 14 CIV. 7331<br><br>**CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACTS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>JUDGE KARAS |

COMES NOW Plaintiff, ELI SHTEINMANTZ ("Plaintiff") on behalf of himself and all others similarly situated, by way of this Complaint against Defendant, MEDIA COLLECTIONS, INC. d/b/a JOSEPH MANN & CREED ("MEDIA COLLECTIONS" or "Defendant") states:

### I. PRELIMINARY STATEMENT

Plaintiff, demanding a trial by jury, brings this action for the illegal practices of the Defendant who used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect alleged debts from the Plaintiff. Plaintiff alleges that the Defendant collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"). Such collection practices include, *inter alia*, sending consumers written communications that fail to name the creditor to whom the debt is owed.

1.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In adopting the FDCPA, Congress was concerned about the harmful effect of abusive

debt practices on consumers. *See* 15 U.S.C. § 1692(a) ("[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."). Accordingly, the statutory purpose of the FDCPA is to "eliminate abusive debt collection practices," to ensure that debt collectors who refrain from using those practices "are not competitively disadvantaged." *Simmons v. Roundup Funding, LLC.*, 622 F.3d 93, 95 (2d Cir. 2010) citing *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 89 (2d Cir. 2008) (internal quotation marks omitted) (citing 15 U.S.C. § 1692(e)).

2. The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of even a single violation. *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993). The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Id* at 1314.

3. Under the least sophisticated consumer standard, "collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Id.* at 1319.

4. To prohibit deceptive practices, the FDCPA outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

5. To further prohibit deceptive practices, the FDCPA also requires that in the initial communication with the consumer, or within five days thereafter, the debt collector must disclose, *inter alia*, the identity of the creditor so the consumer can discern the nature of the debt. 15 U.S.C. § 1692g(a)(2).

6. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by

this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

7. Plaintiff is a natural person.

8. At all times relevant to this complaint, Plaintiff was a citizen of, and resided in, the Village of Airmont, Town of Ramapo, Rockland County, New York.

9. At all times relevant to this complaint, MEDIA COLLECTIONS, INC. d/b/a JOSEPH MANN & CREED. ("Defendant" or "MEDIA COLLECTIONS") is a for-profit corporation existing pursuant to the laws of the State of Ohio. Defendant maintains its principal business address at 20600 Chagrin Blvd., Suite 550, Shaker Heights, Ohio, 44122. Media Collections, Inc. maintains a New York City Department of Consumer Affairs collection agency license number 1257997.

## III. JURISDICTION & VENUE

10. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

11. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

12. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because Defendant is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS AND ALLEGATIONS

13. Sometime prior to September 9, 2013, Plaintiff allegedly incurred a consumer financial obligation ("CONSUMER OBLIGATION").

14. Sometime prior to September 9, 2013, Plaintiff allegedly defaulted on the consumer obligation resulting in Defendant sending the September 9, 2013 Letter, in an envelope bearing a Meter date of September 10, 2013, attached hereto as **Exhibit A**, to Plaintiff ("9/9/2013 Letter").

15. On information and belief, the consumer obligation arises out of a transaction in which the money, property, insurance, or services that are the subject of the transaction are primarily for personal, family, or household purposes; thereby triggering the consumer validation rights disclosures included on the back side of the 9/9/2013 Letter.

16. The consumer obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

17. Plaintiff is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Sometime prior to September 9, 2013, the consumer obligation was, either directly or through intermediate transactions, assigned, placed, transferred, or sold to Isaac Eilat Law Offices ("Eilat Law") for collection.

19. Eilat Law is a Tel Aviv, Israel based professional debt collection company that collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes. See http://eilatlaw.co.il

20. Sometime prior to September 9, 2013, Eilat Law and Defendant entered into a partnership, agreement, affiliation or other business arrangement wherein the Ohio based MEDIA COLLECTIONS would send or cause to be sent debt collections letters to consumers in an attempt to collect consumers debts.

21. On or about September 9, 2013, Defendant mailed such a collection letter to Plaintiff concerning the consumer obligation, which Plaintiff received in the ordinary course of mail. A true and correct copy of the 9/9/2013 Letter and Envelope are attached hereto as **Exhibit A**.

22. The 9/9/2013 Letter was sent, or caused to be sent, by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6), and as Defendant self identifies in the 9/9/2013 Letter.

23. The 9/9/2013 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

24. In a clever ploy to instill a false sense of urgency in Plaintiff, the 9/9/2013 Letter states, *inter alia*, that:

> *"Be advised that Isaac Eilat Law Offices has requested that our agency collect this account ... Isaac Eilat Law Offices has forwarded your account information to our office."*

25. The 9/9/2013 Letter further informs Plaintiff of its continuing relationship with Isaac Eilat Law Offices, stating:

> *"... All checks should be made payable to Isaac Eilat Law Offices."*

26. The 9/9/2013 Letter further informs Plaintiff that "they" – Eilat Law – has been in contact with Plaintiff and informed Defendant that Plaintiff has not made payment.

27. At no time does the 9/9/2013 Letter identify the creditor, past or present. Rather, in addition to a "JMC Account" number and a "Client Account" number in the header, the 9/9/2013 Letter provides "Balance Due: $237.00" and simply states:

> *"[Eilat Law] advised us that they have been in contact with you and you have not paid this account."*

28. The 9/9/2013 Letter does not provide any information regarding the original creditor, the current creditor, or the nature of the alleged debt, other than alerting Plaintiff that it is a consumer debt that requires verification disclosures and the statement that:

> *"This Communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."*

5

29. Defendant's failure to disclose the identity of the creditor had the intended consequence of leaving the Plaintiff confused, as would be the least sophisticated consumer, as to the source and nature of the alleged debt.

30. The 9/09/2013 Letter would cause the least sophisticated consumer uncertainty and cause him to believe they must choose between making immediate payment of $237.00 for an unknown debt or face legal consequences while awaiting validation of the debt.

## V. POLICIES AND PRACTICES COMPLAINED OF

31. It is Defendant's policy and practice to send written collection communications, in the form attached as **Exhibit A**, in connection with the collection of alleged consumer debts, which make false, deceptive, and misleading representations that any communication is from an attorney, or from anyone working in conjunction and under the direction of an attorney, and which make other materially false, deceptive, and misleading statements.

32. Engaging in the use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer is also a violation of the FDCPA 15 U.S.C. § 1692e(10).

33. It is Defendant's policy and practice to send written collection communications, in the form attached as **Exhibit A**, in connection with the collection of alleged consumer debts, which fail to disclose the creditor's identity.

34. Debt collectors, in their initial communication with the consumer must, *inter alia*, provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2); *Eun Joo Lee v. Forster & Garbus LLP*, 926 F.Supp.2d 482, 486 (E.D.N.Y 2013).

35. On information and belief, the Defendants written communications, in the form attached as **Exhibit A** and as alleged in this complaint number in the dozens.

## VI. CLASS ALLEGATIONS

36. This action is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and all others similarly situated.

37. This claim is brought on behalf of: (a) all natural persons in the State of New York; (b) to whom Defendant sent a written communication containing language materially similar to that in **Exhibit A**; (c) in an attempt to collect a debt; (d) which was not returned as undelivered by the United States Postal Service; (e) during the one year immediately preceding the filing of this complaint and ending 21 days thereafter.

38. Plaintiff is informed and believes that there are dozens such natural persons to whom Defendant sent collection letters materially similar to **Exhibit A** and under the circumstances described herein.

39. The identities of all class members are readily ascertainable from the Defendant's own records and other records within the Defendant's care, custody, or control.

40. Excluded from the Class is the Defendant and all officers, members, partners, managers, director, and Defendant's employees and their respective families, and legal counsel for all parties to this action and all members of their immediate families.

41. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues presented are a) whether the Defendant's communication, exemplified in **Exhibit A**, violates the FDCPA by employing deceptive tactics, and b) whether the Defendant's communication, exemplified in **Exhibit A**, violates the FDCPA by impermissibly failing to identify the creditor in the initial communication, or within five days thereafter.

7

42. The Plaintiff's claims are typical of the class members, and claims are based upon the same facts and legal theories.

43. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the whether the letter at issue constitutes continued collection activity in the face of a timely dispute.

44. The Plaintiff will fairly and adequately protect the interests of the Class defined herein. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorney have any interests that might cause them not to vigorously pursue this action.

## COUNT I
### The Defendant Violated 15 U.S.C. § 1692e(10)

45. Plaintiff incorporates all of the foregoing allegations of this complaint, as if fully set forth herein.

46. 15 U.S.C. § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

## COUNT II
### The Defendant Violated 15 U.S.C. § 1692g(a)(2)

47. Plaintiff incorporates all of the foregoing allegations of this complaint, as if fully set forth herein.

48. 15 U.S.C. § 1692g(a)(2) requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial ... send the consumer a written notice containing, [*inter alia,*] the name of the creditor to whom the debt is owed.

49. It is Defendant's policy and practice to fail to provide the consumer with the name of the creditor to whom the debt is owed in the initial communication to consumer regarding the collection of a debt.

50. It is Defendant's policy and practice to fail to provide the consumer with the name of the creditor to whom the debt is owed within five days of the initial communication to consumer regarding the collection of a debt.

51. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA is liable to each such person for up to $1000 in statutory damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

52. In the case of a class action, a debt collector who fails to comply with any provision of the FDCPA is liable for (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of the Plaintiff and against Defendant for:

a. Statutory damages pursuant to 15 U.S.C. § 1692k;

b. Attorney's fees and costs of bringing this action;

c. Such other or further relief as the Court deems proper.

KLEINMAN LLC

_____
Abraham Kleinman (AK-6300)
626 RXR Plaza
Uniondale, New York 11556-0626
Telephone: (516) 522-2621

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_____
Abraham Kleinman (AK-6300)

# EXHIBIT A



**JOSEPH, MANN & CREED**
*A Collection Agency*

20600 Chagrin Blvd., Suite 550, Shaker Heights, Ohio 44122-5340
Telephone: 800-882-8557 ♦ Fax: 216-831-5616
Hours of operation 8:30 am - 5:30 pm EST



September 09, 2013

Be advised that Isaac Eilat Law Offices has requested that our agency collect this account.

In regard to the above-captioned account, please note the following:

1). Isaac Eilat Law Offices has forwarded your account information to our office.

2). They advised us that they have been in contact with you and you have not paid this account.

All checks should be made payable to Isaac Eilat Law Offices and mailed using the enclosed self-addressed envelope.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

Commercial Collection Unit
sbcreply@jmcbiz.com

258

PLEASE DETACH THE BOTTOM PORTION AND RETURN WITH YOUR PAYMENT – RETAIN TOP PORTION FOR YOUR RECORDS

20600 CHAGRIN BLVD., STE 550
SHAKER HTS, OH 44122-5340



September 09, 2013

JMC/2058/1788/258   611020672774   2002/0001803/0008

Eli Shteinmantz
17 Murray Dr
Airmont, NY 10952-3816

JOSEPH, MANN & CREED
PO BOX 22253
BEACHWOOD, OH 44122-0253

This Communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

New York City Department of Consumer Affairs license number 1257997.

---

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. [You authorize us to collect a fee of $15.00 through an electronic fund transfer from your account if your payment is returned unpaid.]

20800 CHAGRIN BLVD., STE 550
SHAKER HTS, OH 44122-5340

Eli Shteinmantz
17 Murray Dr
Airmont, NY 10952-3816

PRESORTED
FIRST CLASS

